IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | Cr. No. 96-60148-HO |
| v. | ) | ORDER |
| MARIANO SERRATOS BELTRAN, | ) | |
| Defendant. | ) | |

Following a jury trial, the jury found defendant guilty of three counts involving charges of possession with intent to distribute methamphetamine and using a person under 18 years of age to distribute heroin on July 9, 1997. On October 16, 1997, defendant was sentenced to 235 months imprisonment. Defendant appealed and the Ninth Circuit affirmed the sentence on January 25,

1999. On October 4, 1999, the United States Supreme Court denied certiorari.

On March 25, 2005, defendant filed a "notice of Plain error and motion to review under whichever rule or statute the court deems proper." (#84). Defendant asserts that his sentence violates the rules set forth in <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), <u>Blakely v. Washington</u>, 124 S.Ct. 2531 (2004) and <u>United States v. Booker</u>, 125 S.Ct. 738 (2005). Defendant also argues that his counsel was ineffective for failing to object to the alleged unconstitutional sentencing enhancements in violation of the rules set forth in the above cases.

Defendant recognizes, and the court finds, that 28 U.S.C. § 2255 governs his motion. <u>See, e.g.</u>, Motion to Review (#84) at p. 8 (court will likely construe the motion as section 2255 motion); at p. 1 (defendant "motions the court [to] modify his unconstitutional sentence.").

28 U.S.C. § 2255 provides in part:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Defendant filed the present motion more than one year after the judgment of conviction became final. Defendant does not assert the motion was impeded by government action or that he did not discover the facts supporting the claim less than one year prior to filing the present motion. However, Blakely and Booker were announced within the applicable time period. Nonetheless, neither Blakely nor Booker are retroactively applicable to cases on collateral review. See, e.g., McReynolds v. United States, 397 F.3d 479, 480-81 (7th Cir. 2005); Cook v. United States, 386 F.3d 949, 950 (9th Cir. 2004); United States v. Phillips, 2004 WL 2414819 (D. Or. Oct. 26, 2004). Accordingly, defendants motion is untimely and is therefore denied.

## CONCLUSION

For the reasons stated above, defendant's motion "to review under whichever rule or statute the court deems proper" (#84) is denied and this proceeding is dismissed.

DATED this 12th day of July, 2005.

Michael R. Hogan
United States District Judge

3 - ORDER